IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JESUS SAUCEDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action |
| | § | No. C-07-06 |
| PFIZER INC., AND | § | |
| ABIMAEL PEREZ, M.D., | § | |
| | § | |
| Defendants. | § | |

**ORDER OF REMAND**

On this day came on to be considered the Court's <u>sua sponte</u> review of its subject matter jurisdiction in the above-styled action.  For the reasons set forth below, the Court finds that subject-matter jurisdiction is lacking, and the Court hereby REMANDS this action pursuant to 28 U.S.C. § 1447(c) to the 79th District Court of Jim Wells County, Texas, where it was originally filed and assigned Cause No. 06-02-44221-CV.

**I.   Factual and Procedural Background**

   **A.   First Removal and Remand**

Plaintiff Jesus Sauceda filed his original state court petition against Pfizer Inc. ("Pfizer") and Abimael Perez, M.D. on February 6, 2006.  (Plaintiff's Original Petition ("Petition"). Plaintiff alleges that Pfizer "did manufacture, design, package, market, sell and distribute" the drug Celebrex, a prescription drug designed to treat pain through reduced inflammation.  (Petition, ¶ VII).  Plaintiff alleges that he took Celebrex for pain relief, and

as a result of his ingestion of Celebrex, Mr. Sauceda "suffered a heart attack, and other subsequent injuries". (Petition, ¶ VI). Plaintiff alleges several causes of action against Pfizer, including negligence, fraud and breach of warranties. (Petition, ¶¶ VII-IX).

Plaintiff also alleges that Abimael Perez, M.D. prescribed Celebrex to Plaintiff, and that Dr. Perez failed to warn and/or negligently prescribed Celebrex to Plaintiff. (Petition, ¶ X).

Pfizer was served with Plaintiff's Original Petition on November 1, 2006, and Dr. Perez was served on November 15, 2006. (First Notice of Removal, D.E. 1, Case No. 06-519, p. 19; State Court Docket Sheet). On November 22, 2006, Pfizer removed the action to this Court for the first time, alleging diversity jurisdiction. (First Notice of Removal, p. 4). See 28 U.S.C. § 1332. In its first Notice of Removal, Pfizer alleged that the amount in controversy exceeded the jurisdictional requirement of $75,000, and that there was complete diversity of all properly-joined parties. (First Notice of Removal, p. 4). While Pfizer did acknowledge that the other named Defendant, Abimael Perez, M.D., may be a Texas citizen like Plaintiff, Pfizer argued that Dr. Perez was improperly joined to defeat diversity. (Id. at pp. 4-17).

Plaintiff filed a motion to remand the case back to state court (D.E. 13, Case No. 06-519). This Court found that Dr. Perez was not improperly joined, and that the Court lacked subject-matter

jurisdiction over the case. (D.E. 14, Case No. 06-519). Accordingly, this Court granted the Plaintiff's motion to remand and remanded the case back to state court on December 26, 2006. (Id.).

### B. Second Removal

On January 5, 2007, Pfizer once again removed the case to this Court, on the basis of diversity jurisdiction. (Second Notice of Removal, D.E. 1, Case No. 07-06).[1] Pfizer again alleged that Dr. Perez was improperly joined, and that since Pfizer and Plaintiff are citizens of different states, this Court would have diversity jurisdiction over this case. (Id. at pp. 3-5). Pfizer's only new argument in this second removal is pursuant to Texas Civil Practice & Remedies Code § 74.351, a Texas statute requiring a plaintiff bringing a healthcare liability claim to serve an expert report within 120 days of filing suit. See Tex. Civ. Prac. & Rem. Code § 74.351. Pursuant to Section § 74.351, if the plaintiff does not timely serve the required expert report, the plaintiff's claim is subject to dismissal upon motion of the affected doctor or healthcare provider. See id. Pfizer notes that since the case was last remanded back to state court, Dr. Perez filed a motion to dismiss the case pursuant to Texas Civil Practice & Remedies Code § 74.351. (Second Notice of Removal, p. 4; Dr. Perez' Motion to

---

[1] Plaintiff did not amend his Original Petition during the time the case was pending in state court between Pfizer's first and second removals.

Dismiss (Exh. 2(J) to Second Notice of Removal)). Accordingly, Pfizer argues that Plaintiff cannot recover against Dr. Perez, and he is thus improperly joined. (Second Notice of Removal, pp. 8-12).

For the reasons set forth below, the Court does not find Pfizer's argument persuasive, since Texas Civil Practice & Remedies Code 74.351 <u>does not apply in federal court</u>.

## II. <u>Discussion</u>

### A. <u>Section 74.351 Does Not Apply in Federal Court</u>

Texas Civil Practice & Remedies Code § 74.351 states that if a plaintiff asserts a health care liability claim, then he has 120 days from filing to serve an expert report on each party or party's attorney, or the case will be subject to dismissal, upon the motion of the affected doctor or health care provider. <u>See</u> Tex. Civ. Prac. & Rem. Code § 74.351.

Federal courts apply state substantive law "when adjudicating diversity-jurisdiction claims, but in doing so apply federal procedural law to the proceedings." <u>Cates v. Sears, Roebuck & Co.</u>, 928 F.2d 679, 687 (5th Cir. 1991); <u>see also</u> <u>Erie R.R. v. Tompkins</u>, 304 U.S. 64 (1938). The Fifth Circuit has not ruled on whether Texas Civil Practice & Remedies Code § 74.351 is a substantive or procedural rule. <u>See</u> <u>Beam v. Nexion Health Mgmt., Inc.</u>, 2006 WL 28444907, *2 (E.D. Tex. 2006). However, even if Section 74.351 is considered to be a substantive rule, if a federal rule or statute

governs the matter at issue, and that statute is "sufficiently broad to cause a 'direct collision' with the relevant provision of state law, federal law preempts the operation of state law." Garza v. Scott & White Mem'l Hosp., 234 F.R.D. 617, 621 (W.D. Tex. 2005) (citing Burlington N.R. Co. v. Woods, 480 U.S. 1, 4 (1987)).

All but one court that has analyzed the issue has found that "*the expert report requirement of 74.351 does not apply in federal court*." Beam, 2006 WL 28444907, *2 (E.D. Tex. 2006) (emphasis added); see also Poindexter v. Bonsukan, 145 F.Supp.2d 800, 808 (E.D. Tex. 2001) (conducting a lengthy analysis of the issue and holding that Section 74.351's predecessor statute did not apply in federal court).

> The reasoning behind the majority view is that section 74.351 is in direct conflict with Federal Rules of Civil Procedure ("FRCP") 26 and 37.  FRCP 26 provides disclosure requirements for experts as well as the requirements for expert reports in federal court.  The rule gives a court discretion to set the time when the expert report is due and states the report is due ninety days before trial if the court does not set a particular date.  FRCP 37 sets forth sanctions available for failure to comply with Rule 26.  These sanctions include dismissal with prejudice, but also allow the court to impose lesser sanctions based on the facts of the case.  Section 74.351 requires the plaintiff to submit its expert report within 180 days and provides for the sole sanction of dismissal with prejudice for failure to timely file the expert report ... these rigid requirements in section 74.351 abrogate the discretion given to the Court in FRCP 26 and 37 and must therefore yield to the Federal Rules.

Beam, 2006 WL 28444907 at *2 (internal citations omitted); see also Garza, 234 F.R.D. at 623 ("the Court holds § 74.351 of the Texas Civil Practice and Remedies Code has no application in federal

court"); Wakat v. Montgomery County, 2006 WL 1469669, *1 (S.D. Tex. 2006) ("Most federal courts have found that the expert report requirement of section 74.351 (or its predecessor statute) does not apply in federal proceedings"); Hall v. Trisun, 2006 WL 2329418, *1 (W.D. Tex. 2006) ("The Court concludes that Tex. Civ. Prac. & Rem. Code § 74.351 is a procedural statute that directly collides with applicable Federal Rules of Civil Procedure and therefore is not applicable in federal court."); Brown v. Brooks County Det. Ctr., 2005 WL 1515466, *1 (S.D. Tex. 2005) ("[Section] 74.351 directly collides with the discretionary power vested in the federal court concerning experts and disclosures"); Nelson v. Myrick, 2005 WL 723459, *4 (N.D. Tex. 2005) ("the court holds that there is a 'direct collision' between section 74.351 and Rules 26 and 37, and that there is, therefore, no room for operation of section 74.351" in federal court).[2]

### B.   Dr. Perez is Not Improperly Joined

In this case, Pfizer argues that Plaintiff has no viable claim against Dr. Perez, because 120 days have passed since the date Plaintiff filed his Original Petition, and Dr. Perez filed a motion to dismiss based on Plaintiff's failure to serve an expert report.

---

[2] The one case that held otherwise is Cruz v. Chang, 400 F.Supp.2d 906, 915 (W.D. Tex. 2005). Of note, this is the only court to hold that Section 74.351 (or its predecessor statute) applied in federal court, and "***every*** post-Cruz case dealing with this issue has sided with Poindexter" and held that Section 74.351 is not applicable in federal court. Beam, 2006 WL 2844907 at *2 (emphasis added); see also Poindexter, 145 F.Supp.2d at 808.

(Second Notice of Removal, pp. 8-12). However, as noted above, Texas Civil Practice & Remedies Code § 74.351 does not apply in federal court. See Poindexter, 145 F.Supp.2d at 808. Federal Rule of Civil Procedure 26 governs Plaintiff's expert disclosures in federal court, and sanctions for failure to comply with Rule 26 are set forth in Federal Rule of Civil Procedure 37. See Fed. R. Civ. P. 26 and 37. The Federal Rules do not contain any such "mandatory dismissal" provision that is analogous to Texas Civil Practice & Remedies Code Section 74.351. See id.

In this Court's Order of Remand in Case No. 06-519 (D.E. 14), remanding the case back to state court after Pfizer's first removal, this Court addressed in great detail why Dr. Perez was not improperly joined in this case. The Court refers the parties to its earlier Order of Remand (D.E. 14, Case No. 06-519), which sets forth the reasons why Plaintiff does plead a medical malpractice claim against Dr. Perez under Texas law. Pfizer's only new argument in support of its second removal is that Plaintiff has no viable claim against Dr. Perez, because Dr. Perez filed a motion to dismiss pursuant to Texas Civil Practice & Remedies Code § 74.351. (Second Notice of Removal, pp. 8-12). However, once this case was removed to federal court, Texas Civil Practice & Remedies Code § 74.351 ceased to apply to this action. See Poindexter, 145 F.Supp.2d at 808. Dr. Perez is still in this case, and Plaintiff still pleads a viable medical malpractice claim against nondiverse

Defendant Dr. Perez.  (See Order No. 14, Case No. 06-519, pp. 3-7; Hollis v. United States, 323 F.3d 330, 336 (5th Cir. 2003) (citing Urbach v. United States, 869 F.2d 829, 831 (5th Cir. 1989)).[3] Since Dr. Perez, a Texas citizen, was not improperly joined, this Court therefore does not have diversity jurisdiction over this case.

**III. Conclusion**

For the reasons stated above, this Court determines that it does not have subject-matter jurisdiction over this action.  The action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the 79th District Court of Jim Wells County, Texas, where it was originally filed and assigned Cause No. 06-02-44221-CV.

SIGNED and ENTERED this 9th day of January, 2007.

_____
Janis Graham Jack
United States District Judge

---

[3]Again, the Court refers the parties to its Order of Remand in Case No. 06-519 (D.E. 14), which sets forth in detail why Plaintiff pleads a medical malpractice cause of action against Dr. Perez in Plaintiff's Original Petition.  (D.E. 14, Case No. 06-519, pp. 3-7).